ANDINO, APPELLANT, v. THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1.

No. 154.—Decided October 29, 1913.

POWER OF ATTORNEY—IMPLIED AUTHORITY—MORTGAGE.—In the present case the power of attorney contains the following clause: "Fourth. To lend and borrow money in the name of the principal, demanding and giving or executing such securities or mortgages as may be deemed advisable, foreclosing and canceling those already outstanding and due and those subsequently received." *Held:* That when the attorney in fact was clothed with power to foreclose and cancel mortgages he was authorized by implication to collect the amounts of the mortgages and to cancel them in case of voluntary payment by the debtor.

The facts are stated in the opinion.
*Messrs. Travieso* and *Iriarte* for appellant.
*Mr. José S. Belaval,* the registrar, filed a brief.
MR. JUSTICE ALDREY delivered the opinion of the court.

In a public instrument dated February 14, 1913, José López Pérez, as attorney in fact of the spouses José Pérez Martínez and Rosario F. Villamil, acknowledged the receipt

of the amount of a mortgage credit due to his principals from Víctor Andino Vivar, giving the latter an acquittance for said amount and agreeing to the cancellation of the mortgage executed as security for the said debt. Upon the presentation of said instrument in the Registry of Property of San Juan, Section 1, the registrar refused to admit the same to record on the sole ground that the attorney in fact had no authority to collect money. From this decision the present administrative appeal was duly taken, in which it is prayed that the said decision be reversed and the admission to record of said instrument be ordered.

Among other faculties which the power of attorney executed by the spouses Pérez Martínez and Villamil confers upon the appellant, are the following:

"*Fourth.* To lend and borrow money in the name of the principal, demanding and giving or executing such securities or mortgages as may be deemed advisable, foreclosing and cancelling those already outstanding and due and those subsequently received."

It is true that neither this nor any other clause of the power of attorney expressly authorizes the agent to collect the debts due to his principals, but, without undervaluing the rule of law that powers of attorney must always be construed restrictively, and construing said clause reasonably, we may reach the conclusion that, in vesting their agent with the power of foreclosing and cancelling mortgages already outstanding and due and those subsequently received, the principals impliedly conferred upon him authority to collect the amounts secured by the mortgages which he was empowered to foreclose and cancel, because, as the first step in foreclosure proceedings is a demand for payment, it cannot be conceived that they would authorize the agent to foreclose the mortgages due and not empower him at the same time to receive the proceeds of the foreclosure either from payment made by the debtor upon demand or by receiving the amount obtained at the auction sale terminating the foreclosure. This reason-

ing is applicable equally where the cancellation takes place on account of a voluntary payment by the mortgage debtor. The power to foreclose and cancel mortgages carries with it the authority to take steps for the collection of the amounts secured by the mortgages and to receive said amounts. A similar construction to that set forth above was laid down by this court in the case of *Franceschi* v. *The Registrar of Property,* 13 P. R. R., 221, in holding that the power of attorney which authorized the agent to demand, collect and receive any sums of money, products or other goods due or thereafter becoming due to the principal, and to issue the proper receipts, acquittances and total or partial cancellations, impliedly authorized him to accept the sale of a property in payment of a debt due to his principal.

In regard to the cases of *Villar* v. *The Registrar of Property,* 17 P. R. R., 412, and *Iturrondo* v. *The Registrar of Property,* 17 P. R. R., 414, which are cited by the registrar in support of his decision refusing the admission to record, we find that the doctrine therein laid down is not pertinent to the present case because in said cases it was held that the power granted to an agent to create mortgages does not include the power to borrow money, inasmuch as a mortgage might be created without contracting a loan. But when authority is conferred to foreclose and cancel a mortgage created to secure a loan we do not see how that authority could be exercised unless there were authority also to receive the amount of the loan.

For the foregoing reasons the decision appealed from should be reversed and it is ordered that the instrument referred to herein be admitted to record.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in this decision.